Arbitration Claim at FINRA, regarding the fraudulent manner in which DEFENDANTS obtained discretion over PLAINTIFF's accounts and those of her clients.[21]

## IV. ARGUMENT

### A. THIS COURT IS EMPOWERED TO GRANT A PRELIMINARY INJUNCTION WHEN SUFFICIENT GROUNDS EXIST

*Code of Civil Procedure* §526 provides that an injunction may be granted at any time before judgment upon a verified complaint, or upon affidavits if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist therefore. *Code of Civil Procedure* §526 states:

(a) An injunction may be granted in the following cases:

(1) When it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.

(2) When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action.

(3) When it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual.

(4) When pecuniary compensation would not afford adequate relief.

(5) Where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief.

(6) Where the restraint is necessary to prevent a multiplicity of judicial proceedings.

In this case, numerous grounds exist for granting a Temporary Restraining Order and

---

[21] The Statement of Claim filed by PLAINTIFF at FINRA detail a number of other abuses against PLAINTIFF not detailed in this Motion.

preliminary injunction, as set forth above, PLAINTIFF and under California law will suffer irreparable injury if her accounts are not restored to her name, and DEFENDANTS continue to assert control and commingle her accounts with accounts over which PLAINTIFF has no control, and with respect to which PLAINTIFF is not allowed to obtain information.

### B. A PRELIMINARY INJUNCTION WILL ISSUE WHERE IT APPEARS THAT THE PLAINTIFF IS ENTITLED TO THE RELIEF SOUGHT

An injunction may be granted when it appears by the Complaint that the Plaintiff is entitled to the relief demanded either for a limited period or perpetually. *Code of Civil Procedure* § 526(a)(1); *Dingley v. Buckner* (1909) 11 Cal. App. 181, 183-184; *Southern Christian Leadership Conference v. Al Malaikah Auditorium Co.* (1991) 230 Cal. App. 3d 207, 223.

Several months ago, on July 10, 2007, PLAINTIFF served written notice terminating the Agency Agreement, but despite repeated letters, telephone calls and threats, DEFENDANTS continue to fail and refuse to restore her accounts back into PLAINTIFF's name or provide any accounting for the dividends paid out and commissions charged to her accounts. DEFENDANTS refuse to allow PLAINTIFF access to her investments – as a result PLAINTIFF is unaware of where her funds are located. DEFENDANTS have commingled PLAINTIFF's funds with those of other clients and continue to exercise control over PLAINTIFF's accounts despite having no authority to do so. DEFENDANTS have also sent out false letters concerning PLAINTIFFF to AFC's former clients.

A preliminary injunction may issue where there is "reasonable probability" that the moving party will prevail on the merits. *San Francisco Newspaper Printing Co. v. Superior Court* (1985) 170 Cal. App 3d 438. The Verified Complaint and Declaration of PLAINTIFF filed herewith, provide a sound basis for the conclusion that PLAINTIFF is entitled to the relief sought in her Complaint. PLAINTIFF is entitled to have her accounts restored to her.

When defendants took over complete control over PLAINTIFF's account, DEFENDANTS became fiduciaries to PLAINTIFF. The fiduciary duty of a stockbroker to his or her client requires the broker to exercise the utmost good faith and integrity. *Blankenheim v. E.F.*

*Hutton & Co.* (1990) 217 Cal. App. 3d 1463, 1475; *Duffy v. Cavalier* (1989) 215 Cal. App. 3d 1517, 1531; *Twomey v. Mitchum, Jones & Templeton, Inc.* (1968) 262 Cal. App. 2d 690. DEFENDANTS, in this case, have taken over all of AFC's client accounts, including those of PLAINTIFF, and commingled those accounts with accounts of others, and transferred all accounts into its own name, thereby gaining complete control over the accounts and funds therein. DEFENDANTS refused to restore PLAINTIFF'S personal accounts back to her, have canceled standing instruction to reinvest dividends, dividends are now paid in cash, and PLAINTIFF has been unable to get an accounting. PLAINITFF terminated any authority by ENTERPRISE over her accounts in July 2007. DEFENDANTS have acted in breach of their fiduciary relationship, and PLAINTIFF is entitled to have her accounts restored to her.

In *Dingley v. Buckner* (1909) 11 Cal. App. 181, Plaintiffs were owners of business equipment subject to seizure under a writ of attachment. Plaintiffs sought injunctive relief which was denied by the trial Court. The Court of Appeal reversed the Order dissolving the injunction stating that no proceeding at law could afford an adequate remedy for the destruction of one's business. PLAINTIFF is also entitled to conduct her business without interference from DEFENDANTS, who have sent letters to PLAINTIFF's former clients stating that "Your former representative has left the business to pursue other interests."[22] This is false and an obvious retaliation for PLAINTIFF having filed a Claim before FINRA regarding these and related wrongdoings by DEFENDANTS.

C. **A PRELIMINARY INJUNCTION WILL ISSUE WHERE AN ACT WOULD PRODUCE GREAT OR IRREPARABLE INJURY TO A PARTY**

*Code of Civil Procedure* §526(a)(2) provides that an injunction may be granted where the commission or continuance of some act during the litigation would produce "great or irreparable injury to a party to the action." An injunction may be granted when it appears by the Complaint or Declarations that the commission or continuance of some act during the litigation would produce great or irreparable injury to a party to the action. *Code of Civil Procedure*

---

[22] See Exhibit "G" to the accompanying Declaration of PLAINTIFF.

§526(a)(2); *Volpicelli v. Jared Sydney Torrance Memorial Hosp.* (1980) 109 Cal. App. 3d 242, 167 Cal. Rptr. 610; *Smith v. Smith* (1942) 49 Cal. App. 2d 716, 718-719.

DEFENDANTS have taken complete control of PLAINTIFF's investment accounts and transferred the accounts into the name of ENTERPRISE. PLAINTIFF is no longer able to obtain information regarding her accounts from mutual fund companies, and has noted that there are errors and discrepancies in few account statements provided to her. The accounts have been commingled in violation of fiduciary obligation of the broker-dealer. PLAINTIFF fears for the safety of her funds, and is entitled to the relief that she seeks. DEFENDANTS could simply transfer PLAINTIFF's funds offshore if relief is not granted.

D. **A PRELIMINARY INJUNCTION SHOULD BE ISSUED WHEN A PARTY'S ACT WOULD TEND TO RENDER THE JUDGMENT INEFFECTUAL**

An injunction may be granted when it appears that a party to the action is doing, or is about to do, some act in violation of the rights of another party to the action respecting the subject of the Action, and tending to render the judgment ineffectual. *Code of Civil Procedure* § 526(a)(3); *Heckmann v. Ahmanson* (1985) 168 Cal. App. 3d 119, 136; *Lenard v. Edmonds* (1957) 151 Cal. App. 2d 764, 769; *Rossi v. Rossi* (1955) 134 Cal. App. 2d 639, 641.

In this case, there is a pending proceeding before FINRA involving issues between PLAINTIFF and DEFENDANTS. However, FINRA is not permitted to grant injunctive relief. A judgment issued by FINRA may be rendered ineffectual, if DEFENDANTS dissipate PLAINTIFF's accounts or transfer funds out of her accounts before a determination can be rendered by a FINRA Panel.

E. **A PRELIMINARY INJUNCTION WILL ISSUE WHERE PECUNIARY COMPENSATION WOULD NOT AFFORD ADEQUATE RELIEF**

*Code of Civil Procedure* §526(a)(4) provides that an injunction may be granted when "pecuniary compensation would not afford adequate relief."

In this case, PLAINTIFF does not know what DEFENDANTS have done and continue to do with her investments. DEFENDANTS transferred her investments into their own name and

1  PLAINTIFF is m[...] to obtain information from mutual f[...] companies for that very reason.
2  PLAINTIFF fears that DEFENDANTS may deplete her accounts and be unable to return the
3  monies to her. DEFENDANTS have commingled PLAINTIFF's accounts with those of others,
4  canceled her instruction that dividends be automatically reinvested. Dividends are presumably
5  being paid in cash — but cannot be located. PLAINTIFF is entitled to have the accounts restored
6  immediately to her, and an accounting of all monies that they have converted from her account in
7  breach of their fiduciary obligations — monetary damages would not compensate PLAINTIFF for
8  the loss of her accounts.

F.  **A PRELIMINARY INJUNCTION WILL ISSUE WHERE IT WOULD BE EXTREMELY DIFFICULT TO ASCERTAIN THE AMOUNT OF COMPENSATION WHICH WOULD AFFORD ADEQUATE RELIEF**

An injunction is a proper remedy for the threatened violation of a duty entailing an injury for which the law gives no adequate compensation. *McMullen v. Glenn-Colusa Irr. Dist.* (1936) 17 Cal.App.2d 696).[23]

PLAINTIFF has no adequate remedy at law and it will be extremely difficult to ascertain the amount of damages to her accounts and her business. If PLAINTIFF's accounts are depleted by the DEFENDANTS, PLAINTIFF will have no source of income in her retirement. She was entitled to terminate the Agency Agreement with DEFENDANTS, and has done so, and has requested that her accounts be restored in her name. DEFENDANTS refuse to do so, with the result that PLAINTIFF has no control over or access to her funds.

G.  **THE COURT IS ENTITLED TO BALANCE THE RESPECTIVE EQUITIES OF THE PARTIES IN CONNECTION WITH ISSUING A PRELIMINARY INJUNCTION**

In determining whether or not to issue preliminary injunction, this Court must balance the respective equities of the parties, by evaluating the likelihood that PLAINTIFF will prevail on

---

[23] *See, also Union Oil Co. v. Domengeaux* (1939) 30 Cal. App. 2d 266. (Defendants' slant-drilling of an oil and gas well was the basis for a permanent injunction against their maintenance or operation of an oil and gas well below a certain depth. Defendants contended on appeal that the damages were too trifling and inconsequential to justify the granting of injunctive relief. The court of appeal rejected the contention and affirmed the judgment, holding that the evidence brought the case within *Civil Code* § 3422(2), which, like *Code of Civil Procedure* § 526(a)(5), permits injunctive relief when it would be extremely difficult to ascertain the amount of compensation that would afford adequate relief.)

the merits, and in... harm that PLAINTIFF may suffer if ...injunction is denied as compared to harm that DEFENDANTS may suffer if injunction is granted. *Tahoe Keys Property Owners' Ass'n v. State Water Resources Control Bd.* (1994) 23 Cal.App.4th 1459.

PLAINTIFF, an 83-year elder, will suffer substantially greater hardship than the DEFENDANTS. Despite termination of the Agency Agreement, DEFENDANTS have failed and refused to restore PLAINTIFF's accounts into her name, or account to her for the same. PLAINTIFF will suffer grave hardship if her accounts are not immediately restored to her. Conversely, there is no demonstrable prejudice to DEFENDANTS.

## V.    CONCLUSION

WHEREFORE, PLAINTIFF prays for a Temporary Restraining Order and a Preliminary Injunction enjoining DEFENDANTS, and their agents, servants, and employees, and all persons acting under, in concert with, or for them from:

1. Exercising control over any and all accounts belonging to PLAINTIFF;
2. Charging any fees or commissions to any accounts belonging to PLAINTIFF;
3. Commingling PLAINTIFF's account with accounts of other clients of AFC; and,
4. Sending any correspondence or communication to clients of AFC to the effect that their former representative, PLAINTIFF, is no longer in the securities business.

PLAINTIFF also requests that the Court grant a Preliminary Injunction commanding DEFENDANTS and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, to:

1. Transfer all accounts owned by PLAINTIFF out of the name of DEFENDANT, or other affiliated entity, and immediately segregate the funds of PLAINTIFF, and place them in the name of PLAINTIFF, alone, at any mutual funds;

2. Place immediately on automatic dividend reinvestment, all mutual funds owned by PLAINTIFF, as they had been before DEFENDANTS took control over PLAINTIFF's accounts; and,

3. Transfer all individual stocks in the name of PLAINTIFF immediately to AG Edwards & Sons, Inc., One North Jefferson, St. Louis, Missouri, 63103.

Dated: December 10, 2007

BALDWIN LAW GROUP

By: *[signature]*

Patrick Baldwin
Christopher Mader
Attorneys for Plaintiff
RUTHE P. GOMEZ

PATRICK BALDWIN, ESQ. (SBC # 95337)
CHRISTOPHER MADER, ESQ. (SBC # 199605)
BALDWIN LAW GROUP
530 Oak Grove Avenue, Suite 207
Menlo Park, CA 94025
Phone: (650) 326-8195
Fax:    (650) 326-0467

Attorneys for Plaintiff
Ruthe P. Gomez

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| RUTHE P. GOMEZ,<br><br>    Plaintiff,<br><br>v.<br><br>TRADERIGHT CORP. d/b/a TRADERIGHT SECURITIES, INC., ENTERPRISE TRUST COMPANY, LOCKE HAVEN, LLC, and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO.:<br><br>DECLARATION OF PLAINTIF RUTHE P. GOMEZ IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br><br>HEARING DATE: December 19, 2007<br>TIME: 1:30 pm<br>DEPT: 31<br><br>ACTION FILED: December 19, 2007 |

I, RUTHE P. GOMEZ declare:

1.     I am the Plaintiff in the above-captioned Action.

2.     I make this Declaration in support of my *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction against DEFENDANTS TRADERIGHT CORP. d/b/a TRADERIGHT SECURITIES, INC. ("TRADERIGHT"), ENTERPRISE TRUST COMPANY ("ENTERPRISE"), and LOCKE HAVEN, LLC ("LOCKE HAVEN") (collectively "DEFENDANTS").