PATRICK BALD[...], ESQ. (SBC # 93337)
CHRISTOPHER MADER, ESQ. (SBC # 199605)
BALDWIN LAW GROUP
530 Oak Grove Avenue, Suite 207
Menlo Park, CA 94025
Phone: (650) 326-8195
Fax:   (650) 326-0467

Attorneys for Plaintiff
RUTHE GOMEZ

ORIGINAL

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

## UNLIMITED JURISDICTION

| | |
|---|---|
| RUTHE P. GOMEZ,<br><br>             Plaintiff,<br>v.<br><br>TRADERIGHT CORP. d/b/a TRADERIGHT SECURITIES, INC., ENTERPRISE TRUST COMPANY, LOCKE HAVEN, LLC, and DOES 1 through 50, inclusive,<br><br>             Defendants. | ) CASE NO.:<br>)<br>) **DECLARATION OF CHRISTOPHER P.**<br>) **MADER, ESQ. IN SUPPORT OF** *EX*<br>) *PARTE* **APPLICATION FOR**<br>) **TEMPORARY RESTRAINING ORDER**<br>) **AND ORDER TO SHOW CAUSE RE**<br>) **PRELIMINARY INJUNCTION**<br>)<br>) HEARING DATE: December 19, 2007<br>) TIME: 1:30 pm<br>) DEPT: 31<br>)<br>) ACTION FILED: December 19, 2007 |

## DECLARATION AND CERTIFICATION RE: NOTICE

I, CHRISTOPHER P. MADER, declare:

1.  I am an attorney at law licensed to practice before all Courts of the State of California, and am the attorney of record for PLAINTIFF RUTHE P. GOMEZ ("PLAINTIFF"), in the above-captioned action. I am making this declaration in support of PLAINTIFF's Application for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction.

2.  On December 18, 2007, at 9:40 a.m., I telephoned James Garvey, Esq. of the firm of Vedder Price who is the attorney for Defendant TRADERIGHT CORP. d/b/a TRADERIGHT

SECURITIES, INC. ("TRADERIGHT") Mr. Garvey has repeatedly represented himself as counsel to TRADERIGHT, and has sent several letters to our offices on behalf of TRADERIGHT. My offices have been in contact with Mr. Garvey since July 2007 related to disputes between PLAINTIFF and TRADERIGHT. Mr. Garvey would not take my call. I informed Jennifer Palmeri, who identified herself as Mr. Garvey's secretary, that the above Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction would be made on December 19, 2007, at 1:30 p.m. in Department 31 of the above-entitled court located at 1225 Fallon Street, Oakland, California.

3. On December 18, 2007, at 10:20 a.m., I received a telephone call from Scott Gattey, Esq. who informed me that he would appear at the hearing of, and oppose the instant Ex Parte Application on behalf of TRADERIGHT. Neither myself, nor anyone from my offices have previously spoken with Mr. Gattey. All prior contact with legal counsel for TRADERIGHT has been made with Mr. Garvey. On or about November 30, 2007, Mr. Garvey sent a Certificate of Out of State Arbitration Counsel Form to our offices related to PLAINTIFF's Arbitration Claim against TRADERIGHT before the Financial Industry Regulatory Authority ("FINRA," formerly the National Association of Securities Dealers or "NASD"). The Certificate of Out of State Arbitration Counsel Form (1) does not list Mr. Gattey's address or telephone number; (2) does not direct PLAINTIFF to give notice to Mr. Gattey; and, (3) relates to the Arbitration matter filed before FINRA. The Certificate of Out of State Arbitration Counsel Form essentially authorizes Mr. Garvey, an out of state attorney, to represent TRADERIGHT at Arbitration pursuant to California Code of Civil Procedure §1282.4, which requires non-California attorneys to meet certain obligations before they may represent parties in private arbitration proceedings in California.

4. On December 18, 2007, at 9:30 a.m., I informed Rebecca Towsend, who is a Vice President of Defendant ENTERPRISE TRUST COMPANY, and a Partner of Defendant LOCKE HAVEN LLC by telephone that the above Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction would be made on December 19, 2007, at

1:30 p.m. in Department 31 of the above-entitled court located at 1225 Fallon Street, Oakland, California. Ms. Townsend did not state whether an appearance would be made on behalf of ENTERPRISE and LOCKE-HAVEN, or whether they would oppose the Application.

5.  Attached hereto as Exhibit "A" is a true and correct copy of FINRA Rule 13804, "Temporary Injunctive Orders; Requests for Permanent Injunctive Relief" which describes the procedure by which parties to FINRA Arbitration proceedings may seek injunctive relief. These facts are within my personal knowledge and if called as a witness I can competently testify thereto. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed by me, at Menlo Park, California, this 18 day of December, 2007.

CHRISTOPHER P. MADER
Declarant



EXHIBIT A

### 13804. Temporary Injunctive Orders; Requests for Permanent Injunctive Relief

#### (a) Temporary Injunctive Orders

(1) In industry or clearing disputes required to be submitted to arbitration under the Code, parties may seek a temporary injunctive order from a court of competent jurisdiction. Parties to a pending arbitration may seek a temporary injunctive order from a court of competent jurisdiction even if another party has already filed a claim arising from the same dispute in arbitration pursuant to this paragraph, provided that an arbitration hearing on a request for permanent injunctive relief pursuant to paragraph (b) of this rule has not yet begun.

(2) A party seeking a temporary injunctive order from a court with respect to an industry or clearing dispute required to be submitted to arbitration under the Code must, at the same time, file with the Director a statement of claim requesting permanent injunctive and all other relief with respect to the same dispute in the manner specified under the Code. The party seeking temporary injunctive relief must also serve the statement of claim requesting permanent injunctive and all other relief on all other parties in the same manner and at the same time as the statement of claim is filed with the Director.

(3) Filings and service under this rule must be made by facsimile, overnight delivery service or messenger. Service must be made on all parties at the same time and in the same manner, unless the parties agree otherwise. A party obtaining a court issued temporary injunctive order must notify the Director and the other parties of the issuance of the order within one business day.

#### (b) Hearing on Request for Permanent Injunctive Relief

(1) Scheduling of Hearing

If a court issues a temporary injunctive order, an arbitration hearing on the request for permanent injunctive relief will begin within 15 days of the date the court issues the temporary injunctive order. If the 15th day falls on a Saturday, Sunday, or NASD holiday, the 15-day period shall expire on the next business day. Unless the parties agree otherwise, a hearing lasting more than one day will be held on consecutive days when reasonably possible. The Director will provide to all parties notice of the date, time and place of the hearing at least three days prior to the beginning of the hearing.

(2) Composition of Arbitration Panel

The hearing on the request for permanent injunctive relief will be heard by a panel of three arbitrators. The composition of the panel will be determined in accordance with Rule 13402.

(3) Selection of Arbitrators and Chairperson

(A) (i) In cases in which all of the members of the panel are nonpublic, the Director will generate and provide to the parties a list of seven arbitrators from NASD's roster of non-public arbitrators. The Director will

send to the parties the employment history for the past 10 years for each listed arbitrator and other background information. At least three of the arbitrators listed shall be lawyers with experience litigating cases involving injunctive relief.

(ii) Each party may exercise one strike to the arbitrators on the list. Within three days of receiving the list, each party shall inform the Director which arbitrator, if any, it wishes to strike, and shall rank the remaining arbitrators in order of preference. The Direct shall consolidate the parties' rankings, and shall appoint arbitrators based on the order of rankings on the consolidated list, subject to the arbitrators' availability and disqualification.

(B) (i) In cases in which the panel consists of a majority of public arbitrators, the Director will generate and provide to the parties a list of nine arbitrators from NASD's roster of arbitrators. The Director shall send to the parties employment history for the past 10 years for each listed arbitrator and other background information. At least a majority of the arbitrators listed shall be public arbitrators, and at least four of the arbitrators listed shall be lawyers with experience litigating cases involving injunctive relief.

(ii) Each party may exercise two strikes to the arbitrators on the list. Within three days of receiving the list, each party shall inform the Director which arbitrators, if any, it wishes to strike, and shall rank the remaining arbitrators in order of preference. The Director will combine the parties' rankings, and will appoint arbitrators based on the order of rankings on the combined list, subject to the arbitrators' availability and disqualification.

(C) (i) Each party must inform the Director of its preference of chairperson of the panel by the close of business on the next business day after receiving notice of the panel members.

(ii) If the parties do not agree on a chairperson within that time, the Director shall select the chairperson. In cases in which the panel consists of a majority of public arbitrators, the Director will select a public arbitrator as chairperson. Whenever possible, the Director will select as chairperson the lawyer with experience litigating cases involving injunctive relief whom the parties have ranked the highest.

(D) The Director may exercise discretionary authority and make any decision that is consistent with the purposes of this rule and the Code to facilitate the appointment of panels and the selection of chairperson.

(4) Applicable Legal Standard

The legal standard for granting or denying a request for permanent injunctive relief is that of the state where the events upon which the request is based occurred, or as specified in an enforceable choice of law agreement between the parties.

(5) Effect of Pending Temporary Injunctive Order

Upon a full and fair presentation of the evidence from all relevant parties on the request for permanent injunctive relief, the panel may prohibit the parties from seeking an extension of any court-issued temporary injunctive order remaining in effect, or, if appropriate, order the parties jointly to move to modify or dissolve any such order. In the event that a panel's order conflicts with a pending court order, the panel's order will become effective upon expiration of the pending court order.

(6) Fees, Costs and Expenses, and Arbitrator Honorarium

(A) The parties shall jointly bear reasonable travel-related costs and expenses incurred by arbitrators who are required to travel to a hearing location other than their primary hearing location(s) in order to participate in the hearing on the request for permanent injunctive relief. The panel may reallocate such costs and expenses among the parties in the award.

(B) Each party seeking a temporary injunctive order in court pursuant to this rule must pay a non-refundable surcharge of $2,500 at the time the party files its statement of claim and request for permanent injunctive relief. In the award, the panel may decide that one or more parties must reimburse a party for part or all of the surcharge. The surcharge is in addition to all other nonrefundable filing fees or costs that are required under the Code.

(C) Notwithstanding any other provision in the Code, the chairperson of the panel hearing a request for permanent injunctive relief pursuant to this rule shall receive an honorarium of $375 for each single session, and $700 for each double session, of the hearing. Each other member of the panel shall receive an honorarium of $300 for each single session, and $600 for each double session, of the hearing. The parties shall equally pay the difference between these amounts and the amounts panel members and the chairperson receive under the Code pursuant to Rule 13214. The panel may reallocate such amount among the parties in the award.

(c) Hearing on Damages or Other Relief

(1) Upon completion of the hearing on the request for permanent relief, the panel may, if necessary, set a date for any subsequent hearing on damages or other relief, which shall be held before the same panel and which shall include, but not be limited to, the same record.

(2) The parties shall jointly bear reasonable travel-related costs and expenses incurred by arbitrators who are required to travel to a hearing location other than their primary hearing location(s) in order to participate in any subsequent hearings on damages or other relief. The panel may reallocate such costs and expenses among the parties in the award.

1  BENJAMIN K. RILEY (112007)
   HOWREY LLP
2  525 Market Street, Suite 3600
   San Francisco, CA 94105
3  Telephone:    (415) 848-4900
   Facsimile:    (415) 848-4999
4
5  STEPHEN D. LIBOWSKY
   HOWREY LLP
6  321 North Clark Street
   Suite 3400
7  Chicago, Illinois 60610
   Telephone:    (312) 595-1239
8  Facsimile:    (312) 595-2250
9  Attorneys for Defendant
   ENTERPRISE TRUST COMPANY

ENDORSED
FILED
ALAMEDA COUNTY

DEC 19 2007

CLERK OF THE SUPERIOR COURT
BY L. PILIPINO TUNGOHAN
                        DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| RUTHE P. GOMEZ,<br><br>　　　　　Plaintiff,<br>　v.<br>ENTERPRISE TRUST COMPANY, and TRADERIGHT SECURITIES, INC.,<br><br>　　　　　Defendants. | No. RG 07362098<br><br>DECLARATION OF REBECCA TOWNSEND IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>Date:　　December 19, 2007<br>Time:　　1:30 p.m.<br>Dept.:　　31 |