# VEDDERPRICE

Patrick Baldwin
December 13, 2007
Page 2

- Your communications complain of "liquidations" of various Calvert Fund investments, but these are the very liquidations we believe your client has provided explicit instructions to Enterprise to liquidate. Since the shares in question were custodied with Enterprise—based on Ms. Gomez's explicit authorization regarding same—and since TradeRight was broker-dealer of record for Enterprise, who else do you presume would be shown as broker-dealer of record on the liquidation confirmations?

- TradeRight does not, and has no involvement in, "continuing to hold Mrs. Gomez's assets in the name of Enterprise. . . ." TradeRight has no ability to record any securities of any kind in Ms. Gomez's individual name.

- Any request that any assets of Ms. Gomez be transferred or held in Ms. Gomez's name must be directed to Enterprise since, for the last time, TradeRight has no control over same.

Finally, we hereby demand on behalf of TradeRight that you cease and desist from making further false and defamatory statements (e.g., that "TradeRight, among other things, continues to . . . facilitate the fraud of Enterprise") about TradeRight to third persons, as you did in your December 12, 2007. TradeRight intends to hold you personally accountable for any and all such statements.

Very truly yours,

*James V. Garvey*

JVG/jp
cc:   Enterprise Trust Company
      James A. Arpaia, Esq.

CHICAGO/#1726488.2

## Proof of Service

I, Erik Schmidt, certify and declare under penalty of perjury that I am a citizen of the United States; am over the age of 18 years; am affiliated with Baldwin Law Group, at 530 Oak Grove Avenue, Suite 207, Menlo Park, California 94025; am not party to or interested in the cause entitled upon the document to which this proof of Service is affixed; and that I served a true and correct copy of the following document(s) in the manner indicated below:

STATEMENT OF CLAIM FOR PERMANENT INJUNCTIVE RELIEF
AND REQUEST FOR HEARING PURSUANT TO FINRA RULE 13804

on the interested parties in said action ( X ) by facsimile and /or ( X ) by depositing for mailing in a sealed envelope, postage thereon fully prepaid, through United States Postal Service regular mail in Menlo Park, California and/or (  ) by DHL Overnight Next Day Delivery, fully prepaid, in Menlo Park, California to the parties whose names appear below:

| Gattey Law Offices | Howrey Simon Arnold & White, LLP |
|---|---|
| Mr. Scott Gattey, Esq. | Mr. Benjamin Riley, Esq. |
| 1395 San Carlos Avenue | 525 Market St Ste 3600 |
| Suite C2 | San Francisco, CA 94105-2747 |
| San Carlos, CA 94070 | |

on the interested parties in said action ( X ) by facsimile and /or (  ) by depositing for mailing in a sealed envelope, postage thereon fully prepaid, through United States Postal Service regular mail in Menlo Park, California and/or ( X ) by DHL Overnight Next Day Delivery, fully prepaid, in Menlo Park, California to the parties whose names appear below:

| Director of Dispute Resolution | |
|---|---|
| FINRA Dispute Resolution | |
| 1 Liberty Plaza | |
| 165 Broadway, 27th Floor | |
| New York, NY 10006 | |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 20 day of December 2007 in Menlo Park, California.

_____
Erik Schmidt

PATRICK BALDWIN, ESQ. (SBC # 93337)
CHRISTOPHER MADER, ESQ. (SBC # 199605)
BALDWIN LAW GROUP
530 Oak Grove Avenue, Suite 207
Menlo Park, CA 94025
Phone: (650) 326-8195
Fax:   (650) 326-0467

Attorneys for Plaintiff
Ruthe P. Gomez

ENDORSED
FILED
ALAMEDA COUNTY

DEC 1 9 2007

CLERK OF THE SUPERIOR COURT
BY ___ PILIPINO TUNGOHAN
                              DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ALAMEDA

### UNLIMITED JURISDICTION

| | |
|---|---|
| RUTHE P. GOMEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRADERIGHT CORP. d/b/a TRADERIGHT SECURITIES, INC., ENTERPRISE TRUST COMPANY, LOCKE HAVEN, LLC, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | CASE NO.: RG07362098<br><br>**TEMPORARY RESTRAINING ORDER ORDER AND ORDER TO SHOW CAUSE RE: PRELIMARY INJUNCTION**<br><br>HEARING DATE: December 19, 2007<br>TIME: 1:30 pm<br>DEPT: 31<br><br>ACTION FILED: December 19, 2007 |

On reading the Verified Complaint of PLAINTIFF RUTHE P. GOMEZ (hereinafter "PLAINTIFF"), on file in the above-entitled action, the Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, the Memorandum of Points and Authorities and Declaration of PLAINTIFF submitted therewith, it appears to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and Order to show cause for a Preliminary Injunction, and that, unless the Temporary Restraining Order prayed for is granted, great or irreparable injury will result to the PLAINTIFF before the matter can be heard on notice;

WHEREFORE, IT IS ORDERED that the above-named DEFENDANTS

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
- 1 -

1  TRADERIGHT CORP. d/b/a TRADERIGHT SECURITIES, INC., ENTERPRISE TRUST
2  COMPANY, LOCKE HAVEN, LLC, and each of them, appear in Department __31__ of this
3  Court located at _2013th ST_ _Oakland_, California _94612_, on _February 7_, 2008 at __9__ a.m.,
4  or as soon thereafter as the matter may be heard, then and there to Show Cause, if any they have,
5  why they, their officers, agents, servants, representatives, employees, business invitees and
6  customers, and all persons acting under, in concert with them, should not be enjoined and
7  restrained during the pendency of this action, from engaging in, committing, performing, directly
8  or indirectly, any and all of the following acts:

   _Except with respect to those activities necessary to transfer the Accounts_

9     1.   Exercising control over any and all accounts belonging to
10         PLAINTIFF*;
11    2.   Charging any fees or commissions to any accounts belonging to
12         PLAINTIFF;
13    3.   Sending any correspondence or communication to clients of
14         AFC to the effect that their former representative, PLAINTIFF, is no longer
15         in the securities business; and,
16    4.   Commingling PLAINTIFF's account with accounts of other clients of
17         AFC, or any other clients of DEFENDANTS.
18    IT IS FURTHER ORDERED that the above-named DEFENDANTS, and each of them,
19 appear at the same time and place and show cause, if any they have, why they should not be
20 commanded by order of this Court and required during the pendency of this action to:
21    1.   Transfer all accounts owned by PLAINTIFF out of the name of
22         DEFENDANT, or other affiliated entity, and immediately segregate the
23         funds of PLAINTIFF, and place them in the name of PLAINTIFF, alone, at
24         any mutual funds;
25    2.   Place immediately on automatic dividend reinvestment, all mutual funds
26         owned by PLAINTIFF be, as they had been before DEFENDANTS, and each
27         of them, took control of those accounts, and,
28    3.   Transfer all individual stocks in the name of PLAINTIFF immediately to AG

*With respect to TradeRight Corp., knowingly exercising control ~~of~~ over any and all accounts belonging to plaintiff.

Edwards & Sons, Inc., One North Jefferson, St. Louis, Missouri, 63103.

IT IS FURTHER ORDERED that pending the hearing and determination of the Order to Show Cause, the above-named DEFENDANTS and each of them, and their officers, agents, servants, representatives, employees, business invitees and customers, and all persons acting under, in concert with them, shall be enjoined and restrained from engaging in, committing, performing, directly or indirectly, any and all of the following acts: *Except with respect to the activities necessary to Transfer the Accounts*

1. Exercising control over any and all accounts belonging to PLAINTIFF;*

2. Charging any fees or commissions to any accounts belonging to PLAINTIFF;

3. Sending any correspondence or communication to clients of AFC to the effect that their former representative, PLAINTIFF, is no longer in the securities business; and,

4. Commingling PLAINTIFF's account with accounts of other clients of AFC, or any other clients of DEFENDANTS.

IT IS FURTHER ORDERED that copies of the Verified Complaint, the Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, the Memorandum of Points and Authorities and Declaration of PLAINTIFF and this Order to Show Cause and Temporary Restraining Order shall be served by personal delivery or facsimile upon the DEFENDANTS not later than 5:00 p.m. on December 19, 2007.

Opposition to be filed and served by personal delivery or facsimile not later than 5:00 p.m. on January 28, 2008.

Reply (if any) to Opposition to be filed and served by personal delivery or facsimile not later than 5:00 p.m. on February 1, 2008.

Bond is not required for this Temporary Restraining Order.

Let this Order issue immediately.

Dated: December 19, 2007

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

\* with respect to TradeRight Corp, knowingly exercising control over any and all accounts belonging to plaintiff