FILED

2008 JAN 16 PM 3:38

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Scott D. Gattey (SBN 180875)
   **Gattey Law Offices**
2  1395 San Carlos Avenue
   Suite C2
3  San Carlos, CA 94070
   Phone: 650.596.7123
4  Fax: 866.371.3491
   scott@gatteylaw.com
5
   James Garvey (*pro hac vice* to be submitted)
6  **Vedder, Price LLP**
   222 N. LaSalle Street
7  Chicago, IL 60601
   Phone: 312.609.7500
8  Fax: 312.609.5005
   jgarvey@vedderprice.com
9
   Attorneys for Defendant TRADERIGHT CORP.,
10 D/B/A/ TRADERIGHT SECURITIES

BY FAX

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTHE P. GOMEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRADERIGHT CORP. d/b/a TRADERIGHT SECURITIES, INC., ENTERPRISE TRUST COMPANY, and LOCKE HAVEN, LLC,<br><br>　　　　Defendants. | Case No. CV 080266 WDB<br><br>**DEFENDANT TRADERIGHT CORP.'S JOINDER TO NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) (DIVERSITY)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant TradeRight Corporation d/b/a TradeRight Securities hereby joins in Defendant Enterprise Trust Company's Notice of Removal of Action Pursuant to 28 U.S.C. § 1441(b) ("Notice of Removal"), which Notice of Removal was filed with this Court on January 15, 2008. A true and correct copy of the Notice of Removal (without its

1 | associated exhibits) is attached hereto and incorporated herein by reference.

_____
Scott D. Gattey

Attorneys for Defendant TRADERIGHT
CORP., D/B/A/ TRADERIGHT SECURITIES, INC.



# EXHIBIT A

```
 1 │ Benjamin K. Riley (SBN 112007)
   │ HOWREY LLP
 2 │ 525 Market Street, Suite 3600
   │ San Francisco, California 94105
 3 │ Telephone: (415) 848-4900
   │ Facsimile: (415) 848-4999
 4 │
   │ Stephen D. Libowsky (pro hac vice to be submitted)
 5 │ HOWREY LLP
   │ 321 North Clark Street, Suite 3400
 6 │ Chicago, IL 60610
   │ Telephone: (312) 595-1239
 7 │ Facsimile: (312) 595-2250
   │
 8 │ Attorneys for Defendant
   │ ENTERPRISE TRUST COMPANY
 9 │
10 │              UNITED STATES DISTRICT COURT
11 │              NORTHERN DISTRICT OF CALIFORNIA
12 │
13 │ RUTHE P. GOMEZ,                    )  Case CV-08 0266 WDB
14 │              Plaintiff,            )
15 │      vs.                           )  NOTICE OF REMOVAL OF ACTION
16 │ TRADERIGHT CORP. d/b/a TRADERIGHT  )  UNDER 28 U.S.C. 1441(b) (DIVERSITY)
   │ SECURITIES, INC., ENTERPRISE TRUST )
17 │ COMPANY, and LOCKE HAVEN, LLC,     )
   │                                    )
18 │              Defendants.           )
19 │ _____)
20 │
21 │      TO THE CLERK OF THE ABOVE-ENTITLED COURT:
22 │      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(b), Defendant Enterprise Trust
23 │ Company ("Enterprise Trust") hereby removes to this Court the state court action described below:
24 │      1.   On December 19, 2007, an action was commenced in the Superior Court of the State of
25 │ California in and for the County of Alameda, entitled *Ruthe P. Gomez v. TradeRight Corp., Enterprise
26 │ Trust Company, Locke Haven, LLC, and DOES 1 through 50, inclusive,* as Case Number
27 │ RG07362098. A copy of the Complaint is attached hereto as Exhibit A.
28 │
```

HOWREY LLP

DM_US:20950646_1

2. Removal of this case is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty days of Defendants' notice of the Complaint in this action.[1] Enterprise Trust first received a copy of the Complaint on December 19, 2007, the day it was filed. As of the date of this Notice of Removal, Defendant Locke Haven, LLC has not been served with process in this action.

3. As set forth in Paragraphs 4 and 5 below, this Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship.

4. <u>Total diversity</u>. Diversity jurisdiction exists if all plaintiffs have diverse citizenship from all defendants. *See* 28 U.S.C. § 1332(a)(1). The citizenship of each named party, at the time of the filing of this action, and as of the time of the filing of this Notice of Removal, is as follows:

    a. Enterprise Trust is informed and believes that Plaintiff Ruthe P. Gomez was, and still is, a citizen of the State of California.

    b. Defendant Enterprise Trust was, and still is, a corporation organized under the laws of Nevada and has its principal place of business in Henderson, Nevada.

    c. Defendant TradeRight Corporation (d/b/a TradeRight Securities, Inc.) was, and still is, a corporation organized under the laws of Florida and has its principal place of business in Lockport, Illinois.

    d. Defendant Locke Haven, LLC was, and still is, a limited liability corporation organized under the laws of the State of Illinois and has its principal place of business in Lockport, Illinois.

As to Defendant Locke Haven, LLC in particular, diversity is satisfied as long as all of Locke Haven LLC's members are diverse from Plaintiff. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Locke Haven, LLC is comprised of four members. As to each, their citizenship is as follows:

    a. George Dragel is a citizen and resident of the State of Illinois;

    b. Mike Rukujzo is a citizen and resident of the State of Illinois;

---

[1] Defendant TradeRight Corporation will be concurrently filing a Joinder to this Notice of Removal.

HOWREY LLP

-2-

DM_US:20950646_1

1    c.    John H. Lohmeier is a citizen and resident of the State of Illinois; and

2    d.    Rebecca Townsend is a citizen and resident of the State of Illinois.

Thus, none of the defendants, or the individual members of Locke Haven, LLC, are citizens of the state in which this action is pending: California. *See* Declaration of Rebecca Townsend dated January 15, 2008 ("Townsend Declaration"), ¶ 4.

5.    *Amount in controversy*. Diversity jurisdiction exists if the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Plaintiff seeks injunctive relief in her Complaint. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)) (in trademark infringement case, where injunctive relief was sought, settlement letter demanding $100,000 was sufficient evidence of value of object of litigation, to satisfy amount in controversy requirement). In other words, "the amount in controversy is measured by the value of the interest sought to be protected by the equitable relief requested." *See In Re Fidelity Bank Trust Fee Litigation*, 839 F. Supp. 318, 321 (E.D. Pa. 1993); *see also Ridder Bros. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1994) (the amount of controversy must be "the value of the particular and limited thing sought to be accomplished by the action"). For example, where protection of the assets in a trust are at issue, and the object of the litigation is the removal of the trustee, the amount in controversy is measured by the value of that part of the trust that will be protected by the injunctive relief. *See Schonland v. Schonland*, 1997 WL 695517, at *1 (D. Conn. 1997). In this action, Plaintiff seeks the transfer of her accounts which are valued at approximately $900,000. *See* Townsend Decl., ¶ 5. Thus, the amount in controversy requirement is met.

6.    Because there is original and diversity jurisdiction in this matter, this action is one that may be removed pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

7.    Copies of all pleadings, process and orders filed with the state court — in addition to the Complaint noted in Paragraphs 1 and 2 above — are filed concurrently with this Notice of Removal and attached as Exhibit B.

1  8. Written notice of the filing of this Notice of Removal is hereby given to counsel for Plaintiff Ruthe P. Gomez.

9. A Notice to Adverse Party of Removal to Federal Court will be filed with the Clerk of the Superior Court of the State of California for the County of Alameda, and served on Plaintiff.

Dated: January 15, 2008

Respectfully submitted,

**HOWREY LLP**

By: *Benjamin K. Riley*
Benjamin K. Riley

Attorneys for Defendant
ENTERPRISE TRUST COMPANY